IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 4:12-cv-32 |
| | ) | |
| LARRY BANKS AND | ) | |
| WANDA SUE BANKS, | ) | MAGISTRATE JUDGE CARTER |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

MEMORANDUM and ORDER

I. Introduction

This action is brought by Cincinnati Insurance Company (CIC) seeking a declaratory judgment that it does not have to pay on its insurance policy to the Banks following a fire at the Banks' home on November 28, 2011, because the Banks allegedly caused the fire to be set and the Banks allegedly materially misrepresented the value of property destroyed in the fire. CIC also seeks return of the monies it paid to the Banks' mortgage holder to pay off the mortgage of the house which burned in the fire. The Banks have counterclaimed for breach of contract and seek monetary damages for the loss of the house and personal property. They also have asserted against CIC a claim of statutory bad faith failure to pay.

This action currently comes before the Court upon a number of *Daubert* motions filed by the parties challenging the expert testimony of each other's witnesses[1]. The motions and their dispositions are as follows: CIC's Motion to Exclude Expert Testimony of Jeffery Morrill [Doc.

---

[1] The parties waived their right to a hearing and agreed to have their motions decided on the papers filed.

1

87] is DENIED; CIC's Motion to Exclude the Expert Testimony of Tanya Butler [Doc. 90] is DENIED; CIC's Motion to Exclude the Expert Testimony of John Lentini [Doc. 92] is DENIED; CIC's Motion to Exclude the Expert Testimony of John Lentini [Doc. 92] and the Banks' Motion to Exclude the Expert Testimony of Christine Foran [Doc. 96] are DENIED; and the Banks' Motion to Exclude Expert Testimony of Michael E. Caldwell [Doc. 97] is GRANTED. The Court shall address each in turn.

## II. Standard of Review Under Fed. R. Civ. P. 702 and *Daubert*

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Phamaceuticals, Inc.,* 509 U.S. 579, 597 (1993), the Supreme Court held that Rule 702 requires district courts to ensure that an expert's scientific testimony "both rests on a reliable foundation and is relevant to the task at hand." Rule 702 imposes a gatekeeping duty on the Court to exclude from trial expert testimony that is unreliable and irrelevant. *Kumho Tire Co. Ltd.v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert*, 509 U.S. at 589, 597-98; *Best v. Lowe's Home Centers, Inc.*, 563 F.3d 171, 176 (6th Cir. 2009); *Conwood Co., L.P. v. U.S. Tobacco Co.*, 290 F.3d 768, 792 (6th Cir. 2002). In *Kumho Tire*, 526 U.S. at 152, the Supreme Court extended *Daubert* to include any expert testimony based on technical and other specialized knowledge. *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 907 (6th Cir. 2004); *United States v. Tarwater*, 308 F.3d 494, 512-13 (6th Cir. 2002).

2

The party proffering the expert testimony bears the burden of showing its admissibility under Rule 702 by a preponderance of the proof. *Daubert*, 509 U.S. at 592 n. 10; *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001); *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000); *Goldman v. Healthcare Management Systems, Inc.*, 559 F. Supp.2d 853, 860 (W.D. Mich. 2008).

When determining the admissibility of expert testimony under Fed. R. Evid. 702 and *Daubert*, the Court considers three factors. First, the witness must be qualified to express an expert opinion. To qualify as an expert under Rule 702, a witness must establish his expertise by reference to his knowledge, skill, experience, training, or education. *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529 (6th Cir. 2008); *Pride*, 218 F.3d at 577; *Goldman*, 559 F. Supp.2d at 859. Although this requirement receives liberal treatment, a witness is not an expert simply because he claims to be one. *Pride*, 218 F.3d at 577.

Second, the testimony must be relevant. Expert testimony is relevant under Rule 702 when it will aid or assist the trier of fact to understand the evidence or to determine a material fact in issue. *Daubert*, 509 U.S. at 592-93; *Scrap Metal*, 527 F.3d at 529; *Conwood*, 290 F.3d at 792; *Nelson*, 243 F.3d at 250; *Jahn v. Equine Services, PSC*, 233 F.3d 382, 388 (6th Cir. 2000); *Pride*, 218 at 578.

Third, the testimony must be reliable. Rule 702 guides us by providing general standards to assess reliability. The Court must consider: (1) whether the testimony is based upon sufficient facts and data; (2) whether the testimony is the product of reliable principles and methods, i.e. whether the reasoning and methodology underlying the experts's opinion is scientifically valid; and (3) whether the witness has applied the principles and methods reliably to the facts at issue

3

in the case. *Scrap Metal*, 527 F.3d at 529; *United States v. Smihers*, 212 F.3d 306, 315 (6th Cir. 2000).

*Daubert* provides a nonexclusive checklist for trial courts to use in evaluating the reliability of expert testimony. These factors include: (1) whether a theory or technique can be or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether, with respect to a particular technique, there is a high known potential rate of error and there standards controlling the technique's operation; and (4) whether the theory or technique enjoys general acceptance within the relevant scientific community. *Daubert*, 509 U.S. at 592-94; *Scrap Metal*, 527 F.3d at 529; *Nilavar v. Mercy Health System-Western Ohio*, 244 Fed. Appx. 690, 696-97 (6th Cir. 2007); *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007); *United States v. Langan*, 263 F.3d 613, 621 (6th Cir. 2001); *Goldman*, 559 F. Supp.2d at 859. The test of reliability is flexible. These *Daubert* factors do not constitute a definitive test but may be applied and tailored to fit the particular facts of each case. *Kumho*, 526 U.S. at 150; *Daubert*, 509 U.S. at 593; *Scrap Metal*, 527 F.3d at 529; *Johnson, Inc.*, 484 F.3d at 429-30; *Goldman*, 559 F. Supp.2d at 859-60. If the expert testimony is relevant and reliable, the Court must also determine if the probative value of the expert testimony is outweighed by its prejudicial effect. *Daubert*, 509 U.S. at 595; *United States v. Beverly*, 369 F.3d 516, 528 (6th Cir. 2004).

III. Analysis

1. CIC's Motion to Exclude Expert Testimony of Jeffery Morrill [Doc. 87]

CIC contends Morrill is not qualified as an expert in the area of cause and fire origin. Mr. Morrill's CV, which the Court incorporates by reference herein, more than adequately established that Mr. Morrill is qualified to offer expert testimony as to the cause and origin of a

4

house fire. CIC also states Morrill failed to follow accepted procedures of investigating a house fire by not collecting raw data himself. However, NFPA 921. § 4.4.3.3 permits the use of previously collected data from a properly documented scene to analyze the fire at issue.

CIC also disagrees with the conclusions reached by Morrill and asserts they should be excluded for failure to follow procedures set forth in the NFPA. However, for every such criticism, the Banks can counter by citing another section of the NFPA which appears to support Morrill's methodology in reaching his conclusion. The Court concludes that any criticisms CIC has of Morrill's methodology and his opinions goes to the weight of his testimony and not whether it is admissible.

CIC also argues Morrill's testimony should be excluded because he does not have a valid Tennessee private investigator's license which is required by law to investigate house fires. While a PI license may be required in Tennessee to investigate house fires, it does not conclusively establish or dispel his ability to testify pursuant to Fed. R. Evid. 702, and the Court has already concluded Morrill has more than sufficient experience and qualifications.

Accordingly, CIC's motion to exclude Morrill's expert testimony [Doc. 87] is DENIED.

2. CIC's Motion to Exclude the Expert Testimony of Tanya Butler [Doc. 90].

CIC moves to exclude the expert testimony of Tonya Butler regarding the loss and value of personal property inside the burned house on the grounds that Ms. Butler is not qualified to give such testimony and that the methodology she employed to inventory and value the personal property at issue was not reliable.

Ms. Butler has been a licensed public adjuster in Tennessee for eight years and she has been involved in more than 500 personal property claims and has testified as an expert witness in this area. She is qualified.

5

CIC alleges Ms. Butler did not sufficiently investigate and verify the presence in the burned home of the contents listed by the Banks as having been lost in the fire. CIC also seems to demand a degree of certainty about the lost property list which seems unrealistic to the Court. Few people actually inventory the items in their home, with brand, model number and value, prior to such a destructive event as a fire. The Banks' response brief adequately addresses for the Court those concerns regarding methodology and reliability raised by CIC. CIC is certainly free to point out to the jury any weaknesses it feels exist in Ms. Butler's expert testimony. The Court will not disqualify her as an expert. Accordingly, this motion is DENIED.

### 3. CIC's Motion to Exclude the Expert Testimony of John Lentini [Doc. 92] and the Banks' Motion to Exclude the Expert Testimony of Christine Foran [Doc. 96]

John Lentini and Christine Foran are dueling cause and origin experts. CIC has pointed out what it believes are the flaws in Lentini's opinions and the Banks have highlighted what they believe are Foran's flaws. Each asserts the other should not be allowed to testify because the expert failed to follow some specific step in the approved analysis. Each is able to come forward, in the responses to the motions to exclude, with reasons why its own expert's analysis is appropriate, and the Court finds those reasons, incorporated herein, to be availing. The alleged flaws in the experts' testimony and opinions go to the weight of the testimony and opinions. The jury will be free to consider all the evidence and determine which opinion is the accurate one. Further, the experts' CV's indicate they are both fully qualified to give the opinions they have offered in their expert reports. These motions to exclude testimony are DENIED.

### 4. Banks' Motion to Exclude the Expert Testimony of Mark Sells [Doc. 98]

The Banks seek to exclude the testimony of Mark Sells regarding the origin of the fire because he was unable to rule out electrical or negligence causes of fire. CIC asserts Sells

6

followed the procedure set forth by NFPA 921 and concluded, based on several factors, that human involvement in setting the fire was the probable cause as opposed to the other proposed causes. The Court will therefore allow Mr. Sells to testify and offer an opinion as to the cause of the fire at issue, and the Banks will be free to cross-examine him to highlight any perceived weaknesses in the testimony and opinion.

The Banks also seek to exclude any testimony from Sells regarding what should or should not have survived the fire in the house on the grounds that he did not know how hot the fire was and he does not have training or education to make such a determination. However, Sells has investigated hundreds of fires and is familiar with items which normally survive a fire. Sells may testify as to what should survive a fire based on his experience, and the Banks are free to cross examine him.

Mark Sells' report also stated, "[w]hile I made no specific determination as to the quantity and quality of items claimed to have been in the left side of the home destroyed by fire during my initial investigation, I had hand sifted the area and was completely familiar with the evidence that remained in the fire debris." Mr. Sells can certainly testify as to what he saw when he hand-sifted the area. The Court will reserve ruling on other testimony from Mr. Sells regarding this specific area.

Accordingly, the Banks' Motion to Exclude Mr. Sells' expert testimony is DENIED in part and RESERVED in part.

5. Banks' Motion to Exclude Expert Testimony of Michael E. Caldwell [Doc. 97]

Michael E. Caldwell was specially retained by CIC to examine the remaining portions of the burned house, inventory its contents, and provide a value. Caldwell admitted in his deposition, however, that he has no knowledge, expertise, or training in evaluating personal

7

property and that he relied on the expertise of others to do so in his report. Consequently, the Court finds that Mr. Caldwell does not have the necessary expertise to testify concerning the value of personal property claimed by the Banks. This motion is GRANTED. However, Mr. Caldwell may testify as to what he did and saw when he inspected the burned premises.

    SO ORDERED.

    ENTER.

    S/William B. Mitchell Carter
    UNITED STATES MAGISTRATE JUDGE